### WILLIAM H. ILER v. AKRON FIRE PROOF CONSTRUCTION CO.

ATTACHING CREDITOR ENTITLED TO JUDGMENT FOR COSTS AGAINST GARNISHEE, WHEN.

In an action against a garnishee for failure to answer and pay over money to the judgment creditor, where it appears that the judgment against the debtor was satisfied after petition filed against the garnishee, it is error to assess costs against plaintiff without inquiry into the merits of his claim as it stood when he began his action against the garnishee.

ERROR to court of common pleas of Summit county.

### WINCH, J.

On appeal from a justice court William H. Iler filed his petition in the common pleas court against The Akron Fire Proof Construction Company, alleging that he had recovered a judgment against one Edward Aungst, and in the same action had garnisheed the construction company; that at the time the latter was served with process it was indebted to Aungst, but that it failed to appear and answer as garnishee, and, an order being issued on the garnishee to pay from the funds in its hands the amount of the judgment and costs against Aungst, it had refused to comply with the order, although it was indebted to Aungst at the time in said amount. The construction company answered, admitting that it had

'been garnisheed, but denying all else. As a second defense, it averred that all matters between plaintiff and said Aungst had been fully settled. Plaintiff replied, admitting that all matters had been settled between him and Aungst, but averring that said settlement was made after the commencement of the action in the common pleas court against the garnishee.

The record, while it does not disclose that any written motion for judgment on the pleadings was filed, contains the following:

"This cause came on to be heard on the pleadings and the defendant's motion for a judgment thereon. On consideration thereof the court finds that the reply is no valid answer to the defendant's answer, and said motion is granted. It is therefore considered that said defendant go hence without day and recover of said plaintiff his costs herein. Judgment is rendered against plaintiff for his costs herein."

The case is in this court on petition in error to reverse said judgment for costs. It appearing from the reply that the cause of action against the defendant was settled after suit brought, the case comes within the decision of this court in the case of Standard Oil Co. v. Railway Co. 4 Circ. Dec. 670 (7 R. 442), and Sec. 5351 Rev. Stat. applies, and it becomes the duty of the court to apportion the costs between the parties as it may adjudge to be right and equitable. The matter of costs is a matter within the discretion of the court, and error in the exercise of his discretion is rarely ground for reversal, but in this case it appears that by an inadvertence the matter of costs was never submitted to the trial judge in such manner as to enable him to apportion them as he might deem right and equitable. The only thing admitted by the pleadings was that the plaintiff's claim against his judgment debtor had been satisfied. There still remained the issue between the parties as to costs, depending upon whether the conduct of the garnishee had made this action necessary.

The court should have inquired whether it was true that at the time plaintiff filed his petition he had an unsatisfied judgment against Aungst; that the garnishee was then owing Aungst, and had refused to answer as garnishee or obey the order to pay the money due Aungst to his attaching creditor. These facts being found in favor of the plaintiff he would be entitled to a judgment for costs in his favor. This conclusion is not in conflict with the case of Friedlander v. Avondale, 4 Circ. Dec. 375 (8 R. 608), where it was held:

"If, after decree for plaintiff and appeal, the defendant satisfies the plaintiff's claim, the appellate court will not try the case to determine who shall pay the costs, but will dismiss at defendant's costs."

It is true the two cases are analogous. This case was brought before a justice of the peace, appealed to the common pleas court and settlement made while pending there. Friedlander v. Avondale, *supra,* was brought in the common pleas court, appealed to the circuit court and settlement made while pending in the latter court; but in Friedlander v. Avondale, *supra,* the justness of the original claim was admitted. That point is an issue in this case.

The judgment for costs is reversed, with instructions to the trial judge to determine the justness of the claim of plaintiff as it existed at the time he filed his petition, and to award the costs accordingly.